## MECHANICS' LIEN.

2 Dec.
326

[Cuyahoga Circuit Court, January Term, 1893.]

BERNSDORF & SAYLOR v. GEORGE J. HARDWAY ET AL.

1. MECHANIC LIEN—WHEN GIVING NOTE IS NOT A WAIVER.

Since the act of March 7, 1887, sec. 3181, R. S., the giving of a promissory note is not a waiver of the lien of the mechanic unless there be an agreement that the note is received in payment.

2. WHEN TIME DATES FROM, DURING WHICH LIEN MAY BE TAKEN.

Under a contract to slate a house, the proof showing that it was the general custom for the slater to return and make such repairs as are necessary because of injury occasioned by other workmen, the time during which the lien may be taken, dates from the completion of such repairs.

CALDWELL, J.

This case comes into this court upon appeal. The matter in controversy is between Auld & Conger, claiming to have a mechanics' lien upon lands held by these plaintiffs, which were sold in an action for foreclosure, and Mrs. Dorrance who was at the time at which this suit was commenced the owner of the premises.

Two defenses are made to the mechanics' lien. One is that the mechanics' lien was waived by the taking by Auld & Conger of the promissory note of George J. Hardway, then the owner of the property.

The other defense is that the lien taken by Auld & Conger upon the property was not taken within four months prescribed by the statute, within which, from the performing of the labor and furnishing of the material, the lien must be taken.

The facts as we find are as follows:

Hardway was building a house and made two contracts with Auld & Conger; one for the slating of the house, and the other for furnishing certain mantels.

So far as the mantels are concerned, the testimony, although conflicting, was very decidedly in favor of the proposition that they were furnished within less than four months from the time at which the mechanics' lien was taken; and there was, in the end, no substantial controversy between counsel that this was

the conclusion to which the court on the facts should come. There still remains, as far as the mantels are concerned, the question of the giving of the promissory note. The furnishing of the slate was done in the latter part of September, 1890. In the latter part of January, 1891, Mr. Hardway gave a note, and exactly for what that note was given there is some controversy, it being claimed on the one side that it was for the precise amount of the two liens claimed, and Hardway says it was for a general balance of account. But we think the testimony fairly supports the proposition that the note was given for these items in controversy in this case. The note was not paid. It was drawn payable with interest. In March, 1891, Auld & Conger, having once completely slated the house, went back and replaced the slate which had been broken or injured by the painters or other workmen who in the meantime had used the roof and by means of which it was injured.

It was claimed in the outset that the question of the waiving of the lien by the giving of the promissory note, was settled by the decision of the Supreme Court of our state. There was some testimony in which it was said that the note was spoken of as being taken in payment of that lien, but that was by a witness who had no personal knowledge on the subject.

The testimony substantially was that there was no express agreement, nor were the circumstances such as to imply an agreement that this note should be considered to be in payment of the account, so that under the decisions in this state, that the mere giving of a promissory note for an account is not a payment for the account, we should have come to the conclusion on the evidence that, so far as that was concerned, this note was not a payment of the account for the materials furnished and labor performed.

We are referred to a case in 39 O. S. Reports, page 57, *Crooks* v. *Finney*, in which it is held:

" Where a promissory note is given and received in payment of a mechanics' claim for materials furnished and work done in erecting a house under a contract with the owner, the lien of the mechanic is waived."

In this case the court was compelled to come to the conclusion that the note was received in payment of the account. The plaintiff had expressly alleged that the note was given in payment of the account. The general rule in regard to whether the circumstances under which a note will be taken and considered to be in payment of the claim have been several times laid down by the Supreme Court of our state. The case in 4 O. S., 61, *Merrick* v. *Boury*, is a leading case. One of the syllabi reads:

" It is only by force of an agreement of the parties, that the giving of an unsealed note by the debtor will be payment of a preceding debt. The burden of proof is upon the debtor, who must establish the agreement clearly; and the question whether there was such an agreement, is one of fact to be determined by the jury."

There was some slight discussion whether, even if it was in payment, it was not a waiver of the lien, but that matter, if there ever could have been any question about it, seems to be settled by the present provision of our statute, section 3187.

It was suggested that this statute was not then in force. As a matter of fact, this statute was passed on the fifth day of March, 1887, vol. 84, pages 46, 47. This decision in 39 O. S. was made in 1883. It looks as if the legislature, in passing this statute had in mind this decision of the Supreme Court. But this lien was obtained in 1889 and 1890, and was after this act was passed. We are, therefore, of the opinion that the giving of the note was very clearly not a waiver of that lien.

A more serious question, which has taken more of our time, is whether or not the slating of the house was secured by this lien, it having been taken in March, 1890. The circumstances, as evidenced by the proof, seem to be these: That the contract between Hardway and Auld & Conger was an entire contract

for the slating of the house. There was testimony that it was a uniform rule, where there was simply a contract as this was, that the house should be slated by the slater, that it included, not only putting on the slate, in the first place, but the making of such repairs as might be necessary after the roof had been used for the purpose of the suspension of scaffolding by the bricklayers or by the painters, and that the duty of the slater was not considered as complete until the other workmen had got through with such work as would be an injury to the roof. There was no evidence in this case that there had been any improper neglect or delay in that work.

It is claimed that the completion in March of work done in September was too long afterwards, to obtain a lien. But there was no evidence that this work was done later than the time at which it might properly have been done. For aught that appears in this case that house might have been in process of construction, and it might very well have been, considering the season of the year, in process of construction from the close of September to the close of March. The close of March may well have been the earliest season at which the final repairs of the slating, under that contract, could have been done.

But it is said that the fact that Hardway had given a note in January, sometime before the close of this repair work, was evidence either that the parties then considered the work as done, or that the pay was then due, and that the time when the pay was due, should fix the time of obtaining the lien. As far as the evidence is concerned, it is sufficient for us to say that the preponderance of the evidence is that it was not then considered that the work was done. It is hardly to be denied, under the evidence, that it was the duty of the slater to go back and leave the roof finally in good condition.

The lien is to be taken, according to the statute, within four months from the time of performing the labor or furnishing the material, so that it is not the time when the payment is to be made that fixes the time for obtaining the lien, but the time when the work was finished.

It is intimated in this case that Auld & Conger saw that it might be necessary to secure their lien at a time when it was more than four months after September, and had hurried around and made some repairs in order to put on their lien. That claim is not borne out by the evidence. There is a class of cases that hold, where a mechanic lien holder has gone around and made alterations for the purpose of extending the time of getting his lien, that it will not so operate. So far as the evidence shows, what they did was exactly in pursuance of the contract between the parties. Bare lapse of time will not affect the question of getting the lien.

Jones on Liens, vol. 2, sections 1431 and 1436.

The decree in this case must be for Auld & Conger.

*Smith & Blake*, for Auld & Conger.

*E. C. Schwan*, for Mrs. Dorrance.